UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CR NO. 6:26-CR-92-REW-HAI**

UNITED STATES OF AMERICA PLAINTIFF

**v.** **DISCOVERY REQUESTS**

RODNEY COUCH DEFENDANT

* * * * *

The Defendant, Rodney Couch, by counsel and pursuant to Fed.R.Crim.P. 16 hereby requests the Attorney for the United States to produce the following documents and/or information:

1. Any written or recorded statements made by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Attorney for the Government; that portion of any written record containing the substance of any relevant oral statement(s) made by the Defendant in response to interrogation by any person then known to the Defendant to be a Government agent. Fed R Crim P 16(a)(1)(A)-(B).

2. The substance of any other oral statements made by the Defendant in response to interrogation by any person then known by the Defendant to be a government agent if the government intends to use that statement at trial. The substance and date(s) of any oral statements made by Defendant to any government official. Fed R Crim P 16(a)(1)(A).

3. A copy of the Defendant's prior criminal record, records of each government witness, and records of each co-defendant. Fed R Crim P 16(a)(1)(D).

4. A copy of all results or reports of physical or mental examinations and of scientific tests or experiments which are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material for the preparation of the Defendant's defense or are intended for use by the Government as evidence in chief at trial. Fed R Crim P 16(a)(1)(F).

5. A copy of all photographs, audio and video tapes, books, papers, documents, or other tangible objects or copies of portions thereof, which are in the possession, custody or control of the Government which may have any evidentiary value in regard to the guilt or innocence of the Defendant, or which may lead to the discovery of such admissible evidence, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence in chief at the trial, or obtained from or belong to the Defendant, including, but not limited to:

(a) A list of the names and addresses of all persons who have knowledge pertaining to the case and/or who have been interviewed by the Government in connection with this case;

(b) Written or oral statements implicating the Defendant made by any such person, whether or not the Government intends to call such person as a witness at trial;

(c) Any waivers or acknowledgments of statements of rights by the Defendant in connection with any confessions;

(d) Any search warrants, affidavits and their attachments which were prepared and executed in the instant case and in any related state case;

(e) All photographs taken by or at the direction of the Government in connection with this case, whether or not said photographs are intended to be used at the trial of this case;

(f) All audio tapes and/or video tapes taken by or at the direction of the Government in connection with this case, or which pertain to the Defendant whether or not said audio tapes and/or video tapes are intended to be used at the trial of this matter; and,

(g) All books, papers, documents or tangible objects, or copies thereof which the Government plans to offer into evidence at the trial of this matter.

(h) The names and addresses of all witnesses the Government intends to call at trial.

6. A copy of any agreements, plea arrangements, offers of immunity, or promises of leniency or other written or oral promises that could arguably indicate interest or bias, to any witness in this case.

7. Was the Defendant or has he ever been, the subject of a government investigation or electronic surveillance?

8. What was the Defendant's response to the warnings given him pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966)? Is the response on video or audio recording?

9. Did the Government use the services of a confidential informant in this case? If so, how?

10. The Defendant requests that the Government agents preserve their rough notes of interviews which are potentially producible pursuant to Fed.R.Crim.P. 16(a)(1)(A) and (B).

11. Provide a written summary of the testimony the Government intends to use under FRE 702, 703 or 705 during its case in chief, in accordance with Fed.R.Crim.P. 16(a)(1)(G).

12. Pursuant to Fed.R.Crim.P. 12(b)(4)(B), provide a list of all evidence the government intends to use in this case.

13. Provide a copy of all Grand Jury transcripts in this case.

14. The Defendant also requests the Attorney for the United States to produce all information pursuant to the *Jencks* Act, 18 U.S.C. § 3500, and all materials required by *Brady v. Maryland*, 373 U.S. 83 (1963) covered within the scope of Rule 16(a)(1).

WHEREFORE, the Defendant**,** Rodney Couch, respectfully requests the Attorney for the United States to provide the above-referenced information and/or documents, and for any and all other discovery materials to which this Defendant may appear properly entitled.

Respectfully submitted,

KATHRYN A. WALTON, PLLC
P.O. BOX 25073
Lexington, KY 40524
(859) 619-0969
Kathy@kwaltonlawyer.com

BY: s/ *Kathryn A. Walton*______________
KATHRYN A. WALTON
ATTORNEY FOR DEFENDANT
RODNEY COUCH

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July 2026, a true and correct copy of the foregoing was served electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties in this matter.

s/ *Kathryn A. Walton*__________
ATTORNEY FOR DEFENDANT