UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY COUCH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 6:26-CR-92-REW-HAI-4<br><br><br><br>ORDER |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 63 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Rodney Couch's guilty plea and adjudge him guilty of Count Four and the forfeiture allegation of the Indictment. (DE 1). *See* DE 64 (Recommendation); *see also* DE 61 (Plea Agreement). Judge Ingram expressly informed Couch of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 64 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in h[er] objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any

objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 64, **ACCEPTS** Couch's guilty plea, and **ADJUDGES** Couch guilty of Count Four of the Indictment and the forfeiture allegation. The Court, per the plea agreement and recommendation, finds Couch's interest in the property identified in the indictment properly forfeitable and preliminarily orders forfeiture as to that interest in such property. The Court will address forfeiture status at sentencing, per Rule 32.2, and intends the order to become final as part of the sentence in the case.
2. The Court will issue a separate sentencing order.[1]

This the 30th day of October, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**

[1]Couch was remanded to custody post-plea, which preserved his status following arraignment. *See* DE 18; DE 63. As such, Couch will remain in custody pending sentencing, subject to intervening orders.